# IN THE COURT OF APPEALS OF IOWA

No. 18-0681
Filed August 1, 2018

**IN THE INTEREST OF A.B.,**
**Minor Child,**

**A.B., Mother,**
Appellant.

_____

Appeal from the Iowa District Court for Woodbury County, Mary L. McCollum Timko, Associate Juvenile Judge.

A mother appeals from the termination of her parental rights to her child.

**AFFIRMED.**

Theresa Rachel of Fankhauser Rachel, PLC, Sioux City, for appellant mother.

Thomas J. Miller, Attorney General, and Meredith L. Lamberti, Assistant Attorney General, for appellee State.

Jessica R. Noll of Deck Law LLP, Sioux City, guardian ad litem for minor child.

Considered by Danilson, C.J., and Mullins and McDonald, JJ.

**DANILSON, Chief Judge.**

A mother appeals from the termination of her parental rights to her child, A.B., pursuant to Iowa Code section 232.116(1)(b), (d), (e), (g), (h), and (*l*) (2018).[1] She does not contest the grounds for termination, but rather asserts the juvenile court made mistakes of fact and misapplied the law. Based on the evidence reflecting the mother has not maintained contact with A.B. and has not demonstrated a likelihood of long-standing sobriety, we find termination of the mother's parental rights to A.B. is in A.B.'s best interest. We therefore affirm.

**I. Background Facts & Proceedings.**

A.B. was born in September 2017 and was immediately removed from the mother's care due to the mother's use of alcohol and illegal substances while pregnant with A.B.[2] The mother did not participate in reunification services or any visitation with A.B. throughout the course of this matter. The mother admitted at trial she had avoided efforts by service providers to contact her because she was actively using illegal substances. After a hearing held December 18, 2017, the juvenile court determined that, due to the parents' lack of participation in services, aggravated circumstances existed warranting the waiver of further reasonable efforts toward reunification. The mother entered inpatient substance-abuse treatment in January 2018. At the time of the combined permanency and

---

[1] The parental rights of two putative fathers were also terminated. The putative fathers do not appeal.

[2] The mother's parental rights to another child were terminated in June 2017 due to the mother's continued use of illegal substances and failure to participate in reunification services. The mother was pregnant with A.B. at the time of the previous termination.

termination hearing on March 16, 2018, the mother acknowledged she had not seen A.B. since A.B.'s birth.

In an order entered April 4, the juvenile court terminated the mother's parental rights to A.B., finding:

> The actions of [the mother] in her previous child in need of assistance proceedings as well as her actions in this child in need of assistance action concerning [A.B.] demonstrate a total lack of interest in parenting. [The mother] did not demonstrate any interest, let alone a genuine interest, in completing the responsibilities in the case plan in either case. She had no contact with the service providers and was unable to be located despite persistent attempts on the part of the Department of Human Services and [Family Safety, Risk, and Permanency] FSRP [providers] to contact her. . . . [The mother] has not demonstrated that she desired to maintain a place of importance in [A.B.]'s life as she failed to have any contact with [A.B.] since her removal. Given that [the mother] has had no contact with [A.B.] since her birth, the court finds clear and convincing evidence that there is no bond or closeness that would be harmful to [A.B.] to end. The court finds that [the mother] has, in fact, abandoned [A.B.] [The mother] was never a parent to [A.B.] Even prenatally, [the mother] showed little to no regard for her unborn child as she continued to use illegal substances and alcohol throughout her pregnancy.
>
> . . . .
>
> [A.B.] has moved on without her mother. She has grown and is meeting her milestones without any financial, physical, or emotional support from her parents. To try and introduce these parents to her at some point in the future would be harmful to her emotionally. None of her parents are in a position to state that they could have [A.B.] in their care without considerable time and attention to deal with their own issues. The history would demonstrate that they would not be able to accomplish this in a time frame that would be in [A.B.]'s best interest.
>
> The court finds that it is in the best interest of [A.B.] that the parental rights of [the mother] . . . be terminated as pled in the State's petition. The court finds, after giving primary consideration to the physical, mental, and emotional condition and needs of the child, that a termination of parental rights is the most appropriate decision that can be made to further the well-being and future of [A.B.]

The mother appeals.

**II. Standard of Review.**

We review termination proceedings de novo. *In re J.C.*, 857 N.W.2d 495, 500 (Iowa 2014). "[O]ur fundamental concern is the child's best interests." *Id.*

**III. Analysis.**

The mother contends the juvenile court made improper factual findings that the mother has shown no interest in parenting A.B., participating in reunification services, or engaging in visits; and that the mother has chosen to work in an establishment that is not helpful to her recovery from substance abuse. The mother also argues the court should have made a finding that the mother's absence from the waiver-of-reasonable-efforts hearing was due to her placement in inpatient substance-abuse treatment. The mother additionally asserts the juvenile court misapplied the law in determining the parents were afforded reunification efforts, considering the mother's past performance in evaluating her potential for successful parenting, and in denying the mother's request for six additional months to work toward reunification.

The State maintains the mother has not preserved error on the court's factual findings and its determination as to reasonable efforts. *See In re A.B.*, 815 N.W.2d 764, 773 (Iowa 2012) ("[T]he general rule that appellate arguments must first be raised in the trial court applies to CINA and termination of parental rights cases."). Regardless of whether error was preserved on all of the mother's claims, her claims fail on the merits.

First, on our review of the record, we cannot discern an improper recitation of the facts in the juvenile court's termination order. For example, the mother contends the court should have found her absence from the December 18, 2017

waiver-of-reasonable-efforts hearing was due to placement in an inpatient substance-abuse treatment program. However, she stated at the termination hearing she did not begin inpatient treatment until January 2018. When asked why she did not attend the hearing, she said, "No reason." Also, the court correctly noted in the termination order the mother had *applied* for work at a casino, not that the mother was working there. The mother stated at trial she had applied for the job and recognized it was not a good choice in support of her maintaining sobriety. We find the juvenile court's findings of fact were supported by the record.

We also find no error in the court's application of the law. The evidence reflects the department of human services offered services to the mother and attempted numerous times to contact the mother and encourage her to engage in services. All of the attempts were rebuffed by the mother. Additionally, the mother did not request additional services or challenge the court's order waiving reasonable efforts, and she cannot raise this issue for the first time on appeal. *See In re A.A.G.*, 708 N.W.2d 85, 91 (Iowa 2005) ("The Department has an obligation to make reasonable efforts toward reunification, but a parent has an equal obligation to demand other, different, or additional services prior to a permanency or termination hearing.").

Additionally, the juvenile court's consideration of the mother's past performance was appropriate. The court cited *In re R.K.B.*, which states that in determining whether termination is in the child's best interest:

> We consider what the future holds for the child if returned to his or her parents. Insight for this determination can be gained from evidence of the parent's past performance, for that performance may be indicative of the quality of the future care the parent is capable of providing.

572 N.W.2d 600, 601 (Iowa 1998) (quoting *In re C.M.W.*, 503 N.W.2d 874, 875 (Iowa Ct. App. 1993)). The juvenile court determined the mother's actions in failing to participate in services and visitation with A.B. demonstrate the mother's disregard for A.B. We agree. Although the mother had engaged in substance-abuse treatment at the time of the termination hearing and was making efforts to find employment and long-term housing, she had not demonstrated an ability to maintain sobriety or a genuine interest in parenting A.B. The mother had not participated in services or made attempts to see A.B. other than placing a few phone calls to service providers inquiring about visitation. The mother's past efforts as a parent to A.B. certainly inform the court as to her potential for future parenting efforts. The juvenile court correctly considered the mother's past performance.

Last, the mother asserts the juvenile court should have granted her request for six additional months to work toward reunification with A.B. The juvenile court held:

> [The mother]'s substance-abuse issues as well as her chaotic and dysfunctional lifestyle are long standing. Only recently has she attempted to address her addiction as it pertains to the current case . . . .
>
>    . . . .
> The treatment outcome listed . . . does not bode well for [the mother] being able to maintain sobriety this time around. According to the progress report dated March 13, 2018, "[the mother] appears to be in the contemplative stage of change (a very early stage), and she is at high risk for relapse, and this is due to her transitioning from this program." . . . "This program" refers to inpatient treatment.
> [The mother] is still transitioning. [The mother] has not established a permanent residence. She has chosen to [apply for] work at a place that she, herself, admits is not good for her recovery given that alcohol will be served and people will be intoxicated and those are triggers identified by her. She has not indicated a firm support system for sobriety. . . . None of this gives the court comfort

that [the mother] will maintain sobriety or a sober lifestyle . . . . The court is not able to grant [the mother] six additional months to work towards reunification . . . .

We agree. Under Iowa Code section 232.104(2)(b), in order to grant an additional six months to work toward reunification, the court must find "the need for removal of the child from the child's home will no longer exist at the end of the additional six-month period." The record does not support such a finding. Despite the mother's commendable participation in substance-abuse treatment, at the time of the termination hearing she had not had any contact with A.B. and had not demonstrated an ability to maintain sobriety. Granting additional time to work toward reunification would be inappropriate in this case and would not be in A.B.'s best interests. A.B. has thrived in foster care, is young, and is adoptable. An additional six months in limbo is not in A.B.'s best interest. A.B. deserves permanency and stability now.

**IV. Conclusion.**

We conclude the juvenile court did not make improper findings of fact or misapply the law in its termination order. We also conclude there are grounds for termination of the mother's parental rights to A.B. and termination is in A.B.'s best interest. We affirm.

**AFFIRMED.**